United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GARY JACKSON, Plaintiff, | § | CIVIL ACTION NUMBER 4:26-cv-05188 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant. | § | |

## OPINION AND ORDER LIMITING ATTORNEY FEES

Pending is a motion by Defendant Allstate Vehicle and Property Insurance Company to limit attorney fees. Dkt 3.

Allstate argues that Plaintiff Gary Jackson failed to provide the pre-suit notice required by Section 542A.003 of the Texas Insurance Code, limiting his ability to recover attorney fees in this action. Id at 1. Jackson in response maintains that emails sent by his counsel before filing this action satisfied such notice requirements and thus argues the motion should be denied. Dkt 4.

Under the Texas Insurance Code, an insured who prevails on a claim is entitled to recover attorney fees, provided that certain conditions are met. See Texas Insurance Code Annotated §542A.007. Section 542A.003 states that "not later than the 61st day before the date a claimant files an action . . . in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." Such notice must include:

> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Texas Insurance Code Annotated §542A.003(b). The purpose of the notice requirement is to discourage litigation and encourage settlements. *Mount Canaan Baptist Church v Westchester Surplus Lines Insurance Co*, 2019 WL 13114309, *3 (SD Tex).

Failure to provide this presuit notice sufficiently in advance of filing comes with consequences. If a defendant pleads and proves that the plaintiff was required to comply with the notice requirement but didn't do so, a court may not award the insured any attorney fees incurred after the date of the defendant's motion. Texas Insurance Code Annotated §542A.007(d). The notice and related limitations on attorney fees under Texas law are substantive in nature and thus applicable in diversity cases like this one. See *Ogboru v Allstate Vehicle & Property Insurance Company*, 2025 WL 745868, *2 (ND Tex) (collecting cases).

Allstate argues that Jackson failed to provide proper presuit notice required by §542A.003 before bringing the action. Dkt 3 at 1.

As noted, Jackson contends that a series of emails sent by his counsel to Allstate satisfied the requirements of §542A.003(b). See Dkts 4-1, 4-2 & 4-3 (emails). The referenced emails are plainly deficient. Specifically, the emails don't include two of the three mandatory disclosures required by §542A.003(b), being (i) the "specific amount

alleged to be owed by the insurer on the claim for damage" or (ii) "the amount of reasonable and necessary attorney's fees incurred by the claimant." Jackson in his response implicitly acknowledges this deficiency by asserting only that his counsel "sent an email regarding a settlement amount of $45,000." Dkt 4 at 5. But a proposed settlement demand is *not* the same as "the specific amount alleged to be owed by the insurer on the claim for damage," nor does it satisfy the separate requirement to disclose "the amount of reasonable and necessary attorney's fees incurred by the claimant." See Texas Insurance Code Annotated §542A.003(b).

As such, the cited emails don't constitute adequate presuit notice under §542A.003(b). Section 542A.007(d) thus precludes Jackson's ability to recover any attorney fees incurred after the date Allstate filed its motion, being July 9, 2026.

The motion by Defendant Allstate Vehicle and Property Insurance Company to limit attorney fees is GRANTED. Dkt 3.

It is ORDERED that Plaintiff Gary Jackson is not entitled to recover attorney fees incurred after July 9, 2026.

SO ORDERED.

Signed on August 12, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge